

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

December 28, 1953

Hon. G. F. Williams
Firemen's Pension Commissioner
Austin, Texas

Opinion No. S-118

Re: Eligibility of a re-
tired Volunteer Fire-
man to again partici-
pate in the Firemen's
Pension System by se-
curing employment as
a paid fireman.

Dear Mr. Williams:

Your request for an opinion of this office is as
follows:

"We desire the opinion of your office re-
garding a man who has been drawing a pension
as a volunteer fireman being hired as a paid
man and resuming participation in the Pension
System on a paid basis.

"One of the smaller towns participating
in the Firemen's Pension System has a man who
was retired after having served more than
twenty years and reaching the age of 55. He
was paid the maximum volunteer's pension of
$25.00 a month for almost two years. The City
has now hired this man as a paid fireman. His
pension has, of course, been stopped and he has
started contributing into the Pension Fund on a
percentage of his salary.

"It is the opinion of this Department that
once a man has reached retirement age and has
been retired on pension, he cannot again start
participating in the Pension Fund. It is our
opinion that should he be employed again by the
Fire Department, his pension should just be dis-
continued while he is drawing a salary. It
seems to be the opinion of the local Pension
Board that this man can pay into the Fund now on
his salary and after a five-year period be re-
tired on the basis of a paid man, his pension
being figured on one half of his monthly salary

Hon. G. F. Williams, page 2  (S-118)

for the five-year period just prior to his
second retirement.

"Your opinion is necessary due to the
conflicting view of this Department and the
local Pension Board.  Please advise if the
man can start contributing again after once
having been on pension."

In effect you have asked for our opinion on the eli-
gibility of a retired volunteer fireman to return and again
participate in the Firemen's Pension System by receiving em-
ployment as a paid fireman and thus, after five additional
years of service as such, being able to again retire but this
time on the basis of a fully paid fireman.

We are of the belief that the intent and purpose of
the Legislature in creating the Firemen's Relief and Pension
Fund (Article 6243e, Vernon's Civil Statutes) was two-fold:
First, to reward and compensate the firemen throughout the
State who have performed dangerous and extra hazardous duties
protecting others' lives and property through many years of
service; and second, to induce men to enter active service as
firemen and to retain their service as such.  We also have the
further consideration that the Act provides what is generally
known and considered as a "Firemen's Pension"; our pension laws
are generally liberally construed in favor of the pensioner.
Board of Firemen's Relief & Retirement Fund Trustees of Houston
v. Marks, 237 S.W.2d 420-5, (Tex.Civ.App. 1951, reversed on
other grounds 242 S.W.2d 181, 27 A.L.R.2d 965); 40 Am. Jur. 963,
Pensions, Sec. 4.

With these principles in mind, we will now look to
the wording of the applicable portions of the Act (Article
6243e, as amended by Chapter 82, Acts of the 53rd Legislature,
1953, page 352) which read as follows:

"Section 6.  Any person who has been duly
appointed and enrolled and who has attained the
age of fifty-five (55) years, and who has served
actively for a period of twenty (20) years in
one or more regularly organized fire departments
in any city or town in this State now within or
that may come within the provisions of this Act,
in any rank, whether as wholly paid, part paid
or volunteer fireman, shall be entitled to be re-
tired from such service or department and shall
be entitled to be paid from the Firemen's Relief

and Retirement Fund of that city or town, a monthly pension equal to one half of his average monthly salary not to exceed a maximum of One Hundred Dollars ($100) per month, except as hereinafter provided; <u>such average monthly salary to be based on the monthly average of his salary for the five (5) year period preceding the date of such retirement;</u> provided further, that if his average monthly salary is Fifty Dollars ($50) or less per month, or if a volunteer fireman with no salary, he shall be entitled to a monthly pension or retirement allowance of Twenty-five Dollars ($25). Notwithstanding any other provision of this Act, it is hereby specially provided that any eligible and qualified fireman who shall have completed twenty (20) years of service before reaching the age of fifty-five (55) years may apply to the Board of Trustees for, and it shall be the Board's duty to issue, a certificate showing the completion of such service and showing and certifying that such fireman, when reaching the age of fifty-five (55) years, will be entitled to the retirement and other applicable benefits of this Act; provided further, <u>that when any fireman shall have been issued such certificate he shall, when reaching retirement age, be entitled to all the applicable benefits of the Act, even though he shall not have been engaged in active service as a fireman after the issuance of such certificate.</u> Provided further, that in order to participate in the benefits authorized under this Act all persons shall continue to pay into the Firemen's Relief and Retirement Fund the amounts provided for all participants thereunder up to the time of their retirement. Provided further, that any regularly organized 'full paid' fire department in any city or town in this State now within or that may come within the provisions of this Act, may, upon a majority vote of said Board of Trustees, increase the maximum pension to One Hundred Fifty Dollars ($150) per month." (Emphasis supplied)

Section 7 of Article 6243e, supra, after providing for retirement in cases of disability suffered while on active duty, continues as follows:

"Section 7. . . . provided further, that
if and when such disability shall cease, such
retirement or disability allowance shall be
discontinued and such person shall be restored
to active service at not less than the same
salary he received at the time of his retirement
for disability." (Emphasis supplied.)

"Sec. 14. Any fireman possessing the qual-
ifications and being eligible for voluntary re-
tirement, but who shall elect to continue in the
service of such fire department, may apply to the
Board of Trustees for a certificate, and if found
to possess such qualifications and be eligible
for retirement as herein provided, the Board of
Trustees shall issue to such fireman a certificate
showing him to be entitled to retirement or disa-
bility allowance. . . ." (Emphasis supplied)

"Sec. 16. Any retired fireman may be re-
called to duty in case of great conflagration and
shall perform such duty as the chief of the fire
department may direct, but shall have no claim
against such city or town for payment for such
duty so performed."

In studying the pertinent sections above, we find
that the Act nowhere disqualifies nor prohibits a person from
returning into service as a fireman after he has elected
to retire. The act is specific in providing that the retiring
paid fireman is entitled to receive the pay or pension based
on his pay during the last five (5) years of service. If the
volunteer fireman has retired, but returns and serves another
five (5) years in a full pay capacity and contributes into the
Fund during all of that time, he is entitled to his pension
based on the pay received by him during his last five (5)
years of service.

It is our opinion, under the facts as given us in
your letter, that a volunteer fireman who elected to retire,
and drew a pension as such, may return, contribute to and
benefit from the Fund by reason of again accepting employ-
ment as a paid fireman.

## SUMMARY

A volunteer fireman who has elected to retire and who has drawn a pension as a retired fireman, is eligible to return, contribute to and participate in the Firemen's Pension System by securing employment as a paid fireman; on subsequent retirement, his pension is based on the pay received by him during his last five (5) years of service. Sec. 6, Art. 6243e, V.C.S.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

Rudy G. Rice
State Affairs Division

John Atchison
Reviewer

By V. F. Taylor
V. F. Taylor
Assistant

Robert S. Trotti
First Assistant

VFT/wb